IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

DISCOVERY PLUMBING
SOLUTIONS, INC.

               Plaintiff,      JURY DEMAND

CIVIL NO: 4:24-cv-2261

vs.

UNITED STATES OF AMERICA

               Defendant.

## COMPLAINT

Discovery Plumbing Solutions, Inc (hereinafter "Plaintiff or "Discovery"), by and through its undersigned counsel and files this Complaint against Defendant, United States of America ("Defendant" or "United States") pursuant to 26 U.S.C. § 7422.  Plaintiff files this civil action for a federal tax refund that was duly and timely claimed and filed with the Secretary of Treasury via the Internal Revenue Service (the "IRS" or the "Service") yet remains unchallenged and unpaid to Plaintiff.

### JURISDICTION, VENUE, AND PARTIES

1. Jurisdiction of this Court is proper pursuant to 28 U.S.C. §§ 1340 and 1346.

2. Venue of this Court is proper pursuant to 28 U.S.C. § 1402.

3. Plaintiff is a company in good standing within the State of Texas whose principal place of business is 12902 Haynes Road, Suite D, Houston, Texas 77066.

4.      Defendant is the United States of America and may be served by mailing two copies of this Complaint by certified mail to the civil-process clerk of the United States Attorney for the Southern District of Texas at 1000 Louisiana, Suite 2300, Houston, Texas 77002, and mailing two copies of the Complaint by certified mail to the Honorable Merrick Garland, Attorney General of the United States, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001.

## NATURE OF THE FEDERAL TAX ISSUE AND ACTION

### Federal Employment Taxes

5.      Pursuant to federal law, employers are required to withhold certain federal income taxes and taxes from the Federal Insurance Contributions Act ("FICA Taxes") from their employee's wages and other compensation.

6.      Pursuant to 26 U.S.C. §§ 3102, 3111, 3301, and 3402, employers are also required to pay their own portion of FICA Taxes and taxes from the Federal Unemployment Taxes and Federal Unemployment Tax Act ("FUTA Taxes"), and FICA Taxes and FUTA Taxes are collectively commonly referred to as "employment taxes" or "payroll taxes".

7.      Pursuant to 26 U.S.C. §§ 6302 and 6157, as well as 26 C.F.R. §§ 31.6302-1, 31.6302(c)-1, and 31.6302(c)-3, employers are required to periodically deposit employment tax payments in certain prescribed federal deposit banks.

8.      Pursuant to 26 U.S.C. § 6011, as well as 26 C.F.R. § 31.6071(a)-1, employers are further required to file quarterly payroll tax returns ("IRS Form 941" or "Form 941") and annual returns for their FUTA Taxes.

### The COVID-19 Pandemic-Related "CARES" Act – Employee Retention Credit ("ERC")

9.      At the outset of the global COVID-19 Pandemic, the United States properly enacted the Coronavirus Aid, Relief, and Economic Security Act (the "CARES" Act) on March 27, 2020,

which provided numerous federal government programs and funding in response to the economic challenges faced by the American people, businesses, and taxpayers.[1]

10. Amongst the CARES Act provisions, it provided for a new Employee Retention Credit ("ERC" or "ERTC") under 26 U.S.C. § 3134, which is a "refundable" tax credit applied against the employer-portion of businesses employment taxes for the period from March 12 through December 31, 2020.[2] The ERC tax credit program was then amended for expansion three times, including extending eligibility to periods to the end of calendar year 2021, in the Taxpayer Certainty and Disaster Relief Act of 2020 (the "Relief Act"), the American Rescue Plan Act of 2021 (ARPA), and the Infrastructure Investment and Jobs Act (IIJA).[3]

11. The ERC provides a few different avenues of qualification, and all aimed at both incentivizing and rewarding businesses maintaining employment during the COVID-19 pandemic in 2020 and 2021. Specifically, businesses who demonstrated certain statutorily defined gross receipt drops by quarter, as compared to pre-pandemic periods, were eligible for a per employee per quarter refundable ERC tax credit. Furthermore, certain businesses meeting certain defined business disruption criteria by quarter were equally eligible for the same per employee refundable ERC tax credit by quarter, as well as certain "recovery startup businesses."[4]

### ERC Qualification – Significant Reduction in Gross Receipts Qualification

12. For the March 12 through December 31, 2020 time periods and pursuant to 26 U.S.C. § 3134, employers are eligible for the ERC tax credit in quarters beginning when gross receipts are less than 50% of gross receipts for the same calendar quarter in 2019 and ending in

---

[1] *See* The Coronavirus Aid, Relief and Economic Security Act (CARES Act), Pub. L. No 116-136, 134 Stat. 281 (2020).
[2] *See id.*
[3] *See* The Taxpayer Certainty and Disaster Relief Act of 2020, Pub. L. 116-260, Div. EE (2020).
[4] *See* The Infrastructure Investment and Jobs Act (IIJA), Pub. L. No 116-136, 135 STAT. 429 (2021).

the first calendar quarter after the calendar quarter in which gross receipts are greater than 80 percent of gross receipts for the same calendar quarter in 2019.

13. For the January 1 through September 30, 2021 time periods and pursuant to 26 U.S.C. § 3134, employers are eligible for the ERC tax credit in quarters where gross receipts are less than 80% of the same quarter in 2019.

14. In the alternative to the gross receipt qualification tests of statement no 13 above, for 2021, employers may elect to use an alternative quarter pursuant to 26 U.S.C. § 3134 and IRS Notice 2021-23, Section II.C; specifically, any given eligible 2021 quarter may qualify for an ERC tax credit by comparing the immediate prior quarter's gross receipts to that prior quarter's corresponding 2019 quarter.

## ERC – Credit Amount Determination

15. For the March 12 through December 31, 2020 time periods and pursuant to 26 U.S.C. § 3134, qualifying employers receive a tax credit against employment taxes of up to 50% of qualified wages ($10,000 per employee for the year including certain health care expense), but no more than $5,000 per employee total for the 2020 year.

16. For the January 1 through September 30, 2021 time periods and pursuant to 26 U.S.C. § 3134, qualifying employers receive a tax credit against employment taxes of up to 70% ($10,000 per employee per calendar quarter including certain health care expenses), but no more than $7,000 per quarter per employee for each eligible 2021 quarter.

17. Pursuant to 26 U.S.C. § 3134(h)(2), any payroll costs covered as "forgiven" by the Paycheck Protection Program (PPP) of the 2020 CARES Act are excluded as "qualifying wages" for purposes of the ERC tax credits.[5]

---

[5] *See also* The Coronavirus Aid, Relief and Economic Security Act (CARES Act), Pub. L. No 116-136, 134 Stat. 281 (2020).

### ERC – Refundability and Amendment for Refund Claim

18. Pursuant to 26 U.S.C. § 3134(b), ERC tax credit claims are first used to offset employment taxes for the respective period, and any excess is further "refunded" to the taxpayer claimant per 26 U.S.C. §§ 6402(a) and 6413(b).

19. Pursuant to 26 U.S.C. § 6511, taxpayers have up to three (3) years from the date of filing a tax return to amend the same return for a claim for refund or credit of taxes.

### Submitting Amended Tax Returns and Other Tax Documents to the IRS

20. Pursuant to 26 U.S.C. § 7502, the "date of delivery" of any taxpayer's submission or filing of "any return, claim, statement, or other document" submitted by mail is the postmark date of the mailing.

21. Pursuant to 26 U.S.C. § 7502(c) and 26 C.F.R. § 301.7502-1, such mailings described in statement no. 20 above that are mailed via the United States Postal Service (USPS) via "registered mail" or "certified mail" is *prima facie* evidence that such a mailing was "delivered" to the IRS on the postmark date; the postmark date being the date of registered mail registration and/or certified mail payment.

22. Further, pursuant to 26 U.S.C. § 7502(c) and 26 C.F.R. § 301.7502-1, the IRS may also identify "Private Delivery Services" ("PDS"), e.g. DHL Express, FedEx, and UPS, from time-to-time that are permitted to serve in place of USPS mailings for purposes of applying the rules of 26 U.S.C. § 7502 and 26 C.F.R. § 301.7502-1.[6]

---

[6] *See also* Private Delivery Services PDS, Internal Revenue Service, https://www.irs.gov/filing/private-delivery-services-pds.

**PLAINTIFF BACKGROUND AND FACTUAL ASSUMPTIONS**

23. Plaintiff is a commercial plumbing contractor in Harris County, Texas and the surrounding areas. Plaintiff has operated via its Texas corporation since at least 2016 with continuous operations and employees in the greater Houston, Texas-area since. Plaintiff publicly markets and operates itself under its local brand name, "Fox Plumbing."

24. During calendar years 2019 and 2021, Plaintiff had quarterly gross receipts, for its first three quarters in year, in the amounts as summarized in the following table.

| Quarterly Fiscal Period Ended | Gross Receipts |
|---|---|
| 31-Mar-19 | $ 620,081.98 |
| 30-Jun-19 | $ 698,038.35 |
| 30-Sep-19 | $ 741,194.19 |
| 31-Mar-21 | $ 479,893.53 |
| 30-Jun-21 | $ 931,211.68 |
| 30-Sep-21 | $ 441,888.14 |

25. During 2020 and 2021, Plaintiff timely determined and executed its quarterly and annual employment tax payment and reporting; most specifically through its timely filed quarterly reports via the IRS Forms 941. For its original timely filings, Plaintiff did not claim the ERC tax credits.

26. During 2023, Plaintiff, in consultation with and under advisement of its qualified tax advisors and other business advisors, determined that it qualified for ERC tax credits for the first, second, and third quarters of 2021 pursuant to the "Significant Reduction in Gross Receipts" qualification test of 26 U.S.C. § 3134(c)(2)(A)(ii)(II), or in the alternative, the "[e]election to use alternative quarter" pursuant to 26 U.S.C. § 3134(c)(2)(B) and is summarized in the table below:

| Quarterly Fiscal Period Ended | Gross Receipts | Compared to 2019 | Alternative Quarter Option | % GR Req'd for ERC Qualification (less than) | ERC Qualified |
|---|---|---|---|---|---|
| 31-Mar-19 | $ 620,081.98 | | | | |
| 30-Jun-19 | $ 698,083.35 | | | | |
| 30-Sep-19 | $ 741,194.19 | | | | |
| 31-Mar-21 | $ 479,893.53 | **_77.39%_** | | 80.00% | Yes |
| 30-Jun-21 | $ 931,211.68 | 133.40% | **_77.39%_** | 80.00% | Yes |
| 30-Sep-21 | $ 441,888.14 | **_59.62%_** | | 80.00% | Yes |

27.     Plaintiff, in consultation with and under advisement of its qualified tax advisors and other business advisors, calculated its ERC tax credits for the first, second, and third quarters of 2021, as summarized in the table below:

| Quarterly Fiscal Period Ended | ERC Tax Credit |
|---|---|
| 31-Mar-21 | $ 131,304.83 |
| 30-Jun-21 | $ 140,296.00 |
| 30-Sep-21 | $ 153,560.95 |
| Totals | $ 425,161.78 |

28.     On July 13, 2023, Plaintiff timely filed amended quarterly federal employment tax reports for the first, second, and third quarters of 2021 with claims for refund requested pursuant to the ERC tax credits for these quarters as follows (hereafter collectively referred to as the "ERC Claimed Quarters").  See **Exhibit A** attached to this filing, *herein*, which are copies of the IRS transcripts for the Plaintiff's ERC Claimed Quarters, as of June 2, 2024, and are probative of this assertion.

29. Since the filings described in statement no. 28 above, Defendant has failed to issue the refunds to Plaintiffs for any of the ERC Claimed Quarters, and it has further failed to issue any notices of audit, examination, disallowance, or deficiency that may justify any further refund delays.

30. Since the filings described in statement no. 28 above, Defendant has made no claim to the Plaintiff of any federal taxes owed by Plaintiff, regardless of nature and time period, under Title 26 of the United State Code that the ERC credits for the ERC Claimed Quarters would be appropriate to use as an offset for any such owed taxes.

31. Such transcripts of the Plaintiff described in statement no. 28 above additionally support Plaintiff's assertions of statement nos. 29 and 30 above.

## CAUSE OF ACTION

32. An American taxpayer is permitted to file a delayed refund suit against the United States, pursuant to 26 U.S.C. §§ 7422 and 6532, for the recovery of taxes imposed under Title 26 of the U.S. Code in Federal District Court, provided:

   a. a claim for refund has been filed with the IRS,

   b. it has been at least six (6) months from the date of such filing, and

   c. it has been two (2) years from the date the IRS notified the taxpayer that such a claim has been disallowed.

33. Plaintiff, Discovery Plumbing Solutions, Inc, is an American taxpayer who has filed claims for refunds of its employment taxes imposed under Title 26 as follows:

| Quarterly Fiscal Period Ended | ERC Tax Credit | Date of Filing |
|---|---|---|
| 31-Mar-21 | $ 131,304.83 | July 13, 2023 |
| 30-Jun-21 | $ 140,296.00 | July 13, 2023 |
| 30-Sep-21 | $ 153,560.95 | July 13, 2023 |
| Totals | $ 425,161.78 | |

34.     Defendant, the United States of America, via the IRS has failed to issue the claimed refunds to the Plaintiff, and it has further failed to notify Plaintiff of any claim disallowances.

35.     It has been longer than six (6) months since the Plaintiff has filed the refund claims, and since the IRS has failed to notify Plaintiff of any claim disallowances, it has yet been two (2) years from such a notification.

36.     Plaintiff is entitled to the credits and its claims for refund as claimed and identified in statement no. 33 above, including any additional interest it is entitled to under the Internal Revenue Code (26 U.S.C.).

37.     Plaintiff is entitled to reasonable attorney's fees and legal costs associated with this cause of action pursuant to 28 U.S.C. § 2412.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays this Court orders the Defendant, United States:

- Issue refunds for the Plaintiff's claim for refund of taxes as follows:

| Quarterly Fiscal Period Ended | ERC Tax Credit | Date of Filing |
|---|---|---|
| 31-Mar-21 | $ 131,304.83 | July 13, 2023 |
| 30-Jun-21 | $ 140,296.00 | July 13, 2023 |
| 30-Sep-21 | $ 153,560.95 | July 13, 2023 |
| Totals | $ 425,161.78 | |

- Issue additional refunds to Plaintiff for any interest entitled to it under the Internal Revenue Code (26 U.S.C.)

- Award Plaintiff reasonable attorney's fees and other legal costs permissible under 28 U.S.C. § 2412

Dated:  June 14, 2024                                        Respectfully submitted,

/s/ *Justin H. DiLauro*
JUSTIN H. DILAURO, ESQ.
Sr. Tax Attorney and Owner/Manager
DiLauro Tax Law PLLC
9639 Hillcroft Street, Suite 844
Houston, Texas 77096
(888) 463-5829
(713) 456-2027 (fax)
JHD@DiLauroTaxLaw.com
US-DC-SD-TX ID:   3865386
Texas State Bar No:  24055404

Counsel for Plaintiff
Discovery Plumbing Solutions, Inc